IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 03-80810 |
| Plaintiff, | HONORABLE GERALD E. ROSEN |
| v. | |
| D-1  AHMAD MUSA JEBRIL, | |
| D-2  MUSA ABDALLAH JEBRIL, | |
| Defendants. | |
| _____/ | |

**UNITED STATES' MOTION, AND BRIEF IN SUPPORT, TO AMEND PRELIMINARY ORDER OF FORFEITURE TO INCLUDE CERTAIN SUBSTITUTE PROPERTY OF DEFENDANTS MUSA ABDALLAH JEBRIL AND AHMAD MUSA JEBRIL**

The United States of America, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(p), hereby moves to amend the preliminary order of forfeiture previously entered in this case to include certain property of the defendant Musa Abdallah Jebril and Ahmad Musa Jebril as substitute property, in place of certain property that is no longer available for forfeiture and/or to satisfy the money judgment of forfeiture entered against defendants Musa Abdallah Jebril ("Musa Jebril") and Ahmad Musa Jebril ("Ahmad Jebril").

The United States further requests that it be empowered to seize the substitute property and/or otherwise ensure its availability for forfeiture and to immediately commence the ancillary proceedings required to finalize the forfeiture of the substitute property.

A supporting memorandum and affidavit, along with a proposed order granting the relief

1

requested, are submitted herewith.

    Wherefore, the United States requests that the relief requested in this motion be granted.

                               Respectfully submitted,

                               STEPHEN J. MURPHY
                               United States Attorney


                               s/CYNTHIA J. OBERG (P36338)
                               Assistant United States Attorney


                               s/JULIE A. BECK (P53291)
                               Assistant United States Attorney
                               211 West Fort Street, Suite 2001
                               Detroit, MI 48226
                               313-226-9717
                               julie.beck@usdoj.gov

Dated: March 16, 2005

# BRIEF IN SUPPORT OF MOTION FOR ORDER OF FORFEITURE AS TO CERTAIN SUBSTITUTE PROPERTY OF DEFENDANTS MUSA ABDALLAH JEBRIL AND AHMAD MUSA JEBRIL

The United States of America, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure, and Title 21, United States Code, Section 853(p), hereby submits this memorandum of law in support of its motion for an order forfeiting certain property of defendants Musa Abdallah Jebril and Ahmad Musa Jebril as substitute property, in place of certain property ordered forfeited by this Court which is no longer available for forfeiture and/or to satisfy the money judgment of forfeiture entered against defendants.

## I. BACKGROUND

On January 12, 2005, the Court entered a Preliminary Order of Forfeiture as to all right, title and interest of defendants Musa Abdallah Jebril and Ahmad Musa Jebril in the following property:

> a) Any and all interest of defendants Ahmad Musa Jebril and Musa Abdallah Jebril in approximately $200,000 in United States currency and all traceable interest and proceeds;
>
> b) A single family dwelling located at **6250 Faust**, Detroit, Wayne County, Michigan, more fully described as: Lot 60 and ½ vacated alley, Rycraft Park Subdivision, as recorded in Liber 42, page 25 of Plats, Wayne County Records;
>
> c) A single family dwelling located at **6530 Artesian**, Detroit, Wayne County, Michigan, and further described as: Lot 35, including the adjoining vacated alley platted within West Warren Lawns Subdivision, as recorded in Liber 40, page 88 of Plats, Wayne County Records;
>
> d) A single family dwelling located at **6809 Plainview**, Detroit, Wayne County, Michigan, and further described as: Lot 99, Frischkorns Estate Subdivision, as recorded in Liber 42, page 93 of Plats, Wayne County Records;
>
> e) A single family dwelling located at **4702 Palmer**, Dearborn, Wayne County,

Michigan, and further described as: Lot 289, Schaefer Heights Subdivision, as recorded in Liber 32, page 82 of Plats, Wayne County Records;

f) A single family dwelling located at **4637 Palmer**, Dearborn, Wayne County, Michigan, and further described as: Lots 44 and 45, and ½ the adjacent vacated alley, of Cloverdale Park Subdivision, as recorded in Liber 34, page 87 of Plats, Wayne County Records;

g) A single family dwelling located at **4957 Rosalie**, Dearborn, Wayne County, Michigan and further described as: Lot 301, Cloverdale Park Subdivision, as recorded in Liber 34, page 87 of Plats, Wayne County Records;

h) A single family dwelling located at **4909 Rosalie**, Dearborn, Wayne County, Michigan, and further described as: Lot 308, Cloverdale Park Subdivision, as recorded in Liber 34, page 87 of Plats, Wayne County Records;

i) A four-unit dwelling located at **12000 Sanford**, Detroit, Wayne County, Michigan, and further described as: Lot 1 of Richard Campau Subdivision, as recorded in Liber 51, page 65 of Plats, Wayne County Records;

j) A single family dwelling located at **5745 Greenview**, Detroit, Wayne County, Michigan, and further described as: The north 36.5 feet of lot 65, Assessor's Plat of Taubitz Farm Subdivision, as recorded in Liber 67, page 90 of Plats, Wayne County Records.

The Preliminary Order of Forfeiture also includes a money judgment in favor of the United States in the amount of Two Hundred Thousand Dollars ($200,000.00), which represents the value of the proceeds of the offenses for which both defendants were held jointly and severally liable.

Two parcels of real property, 4357 St. James, Detroit, and 5815 Warwick, Detroit, were deemed forfeitable by the jury and were noted in the Preliminary Order of Forfeiture. However, both of those parcels have been substantially diminished in value such that forfeiting them is not a viable option. Pursuant to 21 U.S.C. § 853(p)(1)(D), the United States may seek to forfeit

substitute assets because these properties have been substantially diminished in value.

Moreover, none of the $200,000.00 money judgment has been paid.

Based on the evidence provided by the United States in the form of the affidavit of FBI Special Agent Theodore Ryan, *Exhibit 2, Affidavit of FBI Special Agent Theodore Ryan*, the following property is no longer available for forfeiture for one or more of the reasons set forth in Title 21, United States Code, Section 853(p):

(1) **4357 St. James, Detroit, MI;**

> This property was purchased in 1990 by Musa A. Jebril and Subhieh Jebril, his wife, for Eight Thousand Dollars ($8,000.00). Two years later, Musa and Subhieh Jebril quitclaimed the property to Sobhie Said Salem for $1.00. Evidence was presented to the jury that Sobhie Said Salem is a non-existent person; this is also noted in the Preliminary Order of Forfeiture. Neither state nor local taxes were paid on this property. As such, a title history for 4357 St. James reveals that the State Treasurer for the State of Michigan filed a State Treasurer Deed on March 31, 2000, which noticed that all interest in the property was transferred to the State of Michigan. Subsequently, the Wayne County Treasurer filed a Certificate of Forfeiture of Real Property on April 15, 2003, in which it is noted that S.S. Salem, the taxpayer of record, failed to pay property taxes. Accordingly, Defendant Musa Jebril's fraudulent conveyance to Sobhie Said Salem and subsequent failure to pay taxes resulted in this property being unavailable for forfeiture. *See Trial Exhibit 1, attached as Exhibit 1.*

(2) **5815 Warwick, Detroit, MI**;

This property was purchased in 1989 by Musa Jebril and Subhieh Jebril, his wife, for Eighteen Thousand Dollars ($18,000.00). Two years later, on June 26, 1991, Transamerica Financial Services granted a Seventy One Thousand Nine Hundred Dollar and Eighty-Eight Cents ($71,900.88) mortgage on the property to Musa Jebril and Subhieh Jebril; that mortgage was recorded on July 1, 1991, and no discharge of mortgage has been located. Subsequently, Musa Jebril and Subhieh Jebril quitclaimed the property to Sobhie Said Salem on October 6, 1992 for $1.00. In 2002, and again in 2003, the Wayne County Treasurer recorded Certificates of Forfeiture of Real Property for failure to pay taxes; S.S. Salem was the taxpayer of record. Again, Defendant Musa Jebril's fraudulent conveyance to Sobhie Said Salem and subsequent failure to pay taxes resulted in this property being unavailable for forfeiture. *See Trial Exhibit 1, attached as Exhibit 1.*

(3) Two Hundred Thousand Dollars ($200,000.00) in U.S. Currency.

During the course of the investigation, information was obtained regarding "Application for Foreign Transfer" forms filled out by Defendant Musa Abdallah Jebril, which revealed the following information:

− Musa Jebril wired money from his Comerica Bank Account # 022158580163 to Arab Bank, Amman Branch, P.O. Box 68, Amman, Jordan (Swift Code: Arab JoAx). The beneficiary was Subhya Rasheed Haymour, Subhieh Jebril's maiden name, to her account # 0111/004525-0/500. *Exhibit 3, Application for Foreign Transfer, June 12, 2003, to*

*Arab Bank in Amman, Jordan.*

– Musa Jebril wired money from his Comerica Bank Account # 022158580163 to the Commercial Bank of Syria, Telex # 413173, Deraa, Syria. The beneficiary was Mustafa Ahmad to account # 30-70-24-1348. *See Exhibit 4, Application for Foreign Transfer, January 4, 2001, Commercial Bank of Syria in Deraa, Syria. See also Exhibit 5, Application for Foreign Transfer, February 27, 2001, Commercial Bank of Syria in Deraa, Syria. See also Exhibit 6, Application for Foreign Transfer, July 5, 2001, Commercial Bank of Syria in Deraa, Syria. See also Exhibit 7, Application for Foreign Transfer, January 14, 2002, Commercial Bank of Syria in Deraa, Syria.*

– Musa Jebril wired $1,735.00 in U.S. Currency money from his Comerica Bank Account # 6814146061 to Cbsy Sy Da, believed to be Commercial Bank of Syria, on March 1, 2001. *Exhibit 8, Comerica Bank Statement, February 18, 2000 through March 17, 2000, wire transfer of $1,735.00 to Cbsy Sy Da (Commercial Bank of Syria, Deraa, Syria) to account 002001150083305A. See also Exhibit 9, November 8, 2004 Letter from Uretha Edwards regarding wire transfer of February 18, 2000.*

The Government has reason to believe that there may be at least two accounts, one in Amman, Jordan and one in Deraa, Syria, that contain funds wired there from Defendant Musa Jebril, referenced in Exhibits 3 through 8. This is in violation of 21 U.S.C. 853(p)(1) (B) and/or (C) because funds have been transferred to, deposited or placed with a third party and because funds have been placed beyond the jurisdiction of the Court. Pursuant to 21 U.S.C. 853(p)(3), the Government respectfully requests that the Court order Musa Jebril to repatriate any funds

available in any of the above-referenced accounts to satisfy the $200,000.00 money judgment.

## II. LEGAL ARGUMENT

Rule 32.2(e) of the Federal Rules of Criminal Procedure authorizes entry of an order for forfeiture of substitute assets as follows:

> **(e) Subsequently Located Property; Substitute Property.**
>
> > **(1) In General.** On the government's motion, the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that:
> >
> > > (A) is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered; or
> > >
> > > (B) is substitute property that qualifies for forfeiture under an applicable statute.
> >
> > **(2) Procedure.** If the government shows that the property is subject to forfeiture under Rule 32.2(e)(1), the court must:
> >
> > > (A) enter an order forfeiting that property, or amend an existing preliminary or final order to include it; and
> > >
> > > (B) if a third party files a petition claiming an interest in the property, conduct an ancillary proceeding under Rule 32.2(c).
> >
> > **(3) Jury Trial Limited.** There is no right to a jury trial under Rule 32.2(e).

The applicable statute in these proceedings, Title 21, United States Code, Section 853(p), provides as follows:

> **(p) Forfeiture of substitute property**
>
> > **(1) In general.** Paragraph (2) of this subsection shall apply if any property described in subsection (a), as a result of any act or omission of the defendant–
> >
> > > (A) cannot be located upon the exercise of due diligence;

8

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property which cannot be divided without difficulty.

**(2) Substitute property.** In any case described in any of subparagraphs (A) through (E) of paragraph (1), the court shall order the forfeiture of any other property of the defendant, up to the value of any property described in subparagraphs (A) through (E) of paragraph (1), as applicable.

**(3) Return of property to jurisdiction.** In the case of property described in paragraph (1)(C), the court may, in addition to any other action authorized by this subsection, order the defendant to return the property to the jurisdiction of the court so that the property may be seized and forfeited.

The property ordered forfeited in this case became subject to forfeiture at the time of the acts giving rise to the forfeitures, pursuant to Tile 21, United States Code, Section 853(c). At the time of the entry of the preliminary order of forfeiture, certain items of property ordered forfeited were unavailable for seizure and execution because the value of the real property has substantially diminished in value and the money judgment has not been paid, as is more specifically set forth in the affidavit of FBI Special Agent Theodore Ryan. *Exhibit 2, Affidavit of FBI Special Agent Theodore Ryan.*

Upon investigation, the United States has determined that the defendants have an interest in other property, not included in the preliminary order of forfeiture, which should be substituted for the unavailable property ordered forfeited and/or to satisfy the money judgment.

Rule 32.2(e)(1)(B) provides that the court may enter an order of forfeiture or amend an

Case 2:03-cr-80810-GER   ECF No. 65, PageID.287   Filed 03/16/05   Page 10 of 14

existing order of forfeiture *at any time* to order the forfeiture of substitute assets. Thus, the order may be entered after a preliminary order is entered but before it is final as to the defendants; after the order is final as to the defendants and while it is on appeal; and after an appeal is final. *See United States v, Hurley*, 63 F.3d 1 (1st Cir. 1995) (court retains authority to order forfeiture of substitute assets after appeal is filed); *United States v. Voigt*, 89 F.3d 1050 (3d Cir. 1996) (following *Hurley;* court may amend order of forfeiture at any time to include substitute assets); *United States v. Saccoccia*, 62 F.Supp. 2d 539 (D.R.I. 1999) (if district court retains jurisdiction to order forfeiture of substitute assets even though an appeal is filed, *see Hurley*, it follows that defendant's section 2255 petition does not interfere with the district court's jurisdiction to amend order to include substitute assets); *United States v. Messino*, 907 F.Supp. 1231 (N.D. Ill. 1995) (the district court retains jurisdiction over forfeiture matters while an appeal is pending; court may order forfeiture of substitute assets and enter final order of forfeiture where no third party files a claim).

     Generally, substitute assets are forfeited because specific assets of the defendants that were listed in the order of forfeiture cannot be found. To obtain an order forfeiting substitute assets in that circumstance, the Government must satisfy the court that the conditions set forth in Section 853(p) have been satisfied. *See United States v. Candelaria-Silva*, 166 F.3d 19 (1st Cir., 1999) (the government satisfied requirements of section 853(p) by submitting motion and affidavit reciting its efforts to trace defendant's drug proceeds); *United States v. Marmolejo*, 89 F.3d 1185, 1197-98 (5th Cir. 1996) (fact that the government could not trace the proceeds of defendant's crimes satisfied burden of showing that the defendant had made his property

unavailable by transferring it to third parties; section 1963(m)(2)).

The court may also order the forfeiture of substitute assets to satisfy a money judgment where the money judgment represents the value of the proceeds of the offense, or property involved in the commission of the offense, that cannot be forfeited directly for one or more of the reasons set forth in Section 853(p). *See United States v. Candelaria-Silva*, 166 F.3d 19 (1st Cir. 1999) (once the government has obtained a money judgment, it may forfeit defendant's real property in partial satisfaction of that judgment); *United States v. Baker*, 227 F.3d 955 (7th Cir. 2000) (same); *United States v. Numisgroup Intl. Corp.*, 169 F.Supp. 2d 133 (E.D.N.Y. 2001) (Rule 32.2(e) authorizes forfeiture of substitute assets to satisfy a money judgment, including a judgment based on the value of the missing proceeds and the value of the missing facilitating property); *United States v. Davis*, 177 F.Supp. 2d 470 (E.D. Va. 2001) (if property cannot be forfeited as directly traceable to the offense, it can be forfeited as a substitute asset and used to satisfy the money judgment); *United States v. Messino*, 917 F.Supp. 1307, 1308 (N.D. Il. 1996) (court ordered forfeiture of motorcycle as substitute asset in partial satisfaction of money judgment).

Any property of defendants may be forfeited as a substitute asset, including property that was originally listed in the indictment, information or bill of particulars as directly forfeitable property. *See United States v. Henry*, 850 F.Supp. 681 (M.D. Tenn. 1994), *aff'd*, 64 F.3d 664, 1995 WL 478635 at *4 (6th Cir. 1995) (Table) ("the jury verdict indicating that the Ewing Court residence should not be forfeited does not prevent the forfeiture of the property as a substitute asset . . . the very nature of a substitute asset requires that it is not property that is directly forfeitable") *attached as Exhibit 10*; *United States v. Candelaria-Silva*, 166 F.3d 19 (1st Cir. 1999) (there was

nothing improper in prosecutor's decision to move to strike property from the forfeiture allegation before it was submitted to the jury and alter seek forfeiture of the same property as a substitute asset).

The forfeiture of substitute assets is solely a matter for the court, not the jury. Rule 32.2(e)(3). *See United States v. Candelaria-Silva*, 166 F.3d 19 (1st Cir. 1999) (forfeiture of substitute assets is solely a matter for the court; the defendant's only right is to have the jury determine the amount of the money judgment, which puts an upper limit on the amount that may be forfeited as a substitute asset); *United States v. Thompson*, 837 F.Supp. 585, 586 (S.D.N.Y. 1993) (court, not jury, orders forfeiture of substitute assets); *United States v. Hurley*, 63 F.3d 1, 23 (1st Cir. 1995) ("the statute says that an order substituting assets is to be made by 'the court'"). However, once the court enters the order forfeiting substitute assets, third parties have a right to contest the forfeiture by asserting a superior ownership interest in the ancillary proceeding pursuant to 21 U.S.C. § 853(n). Rule 32.2(e)(2). *See United States v. Lester*, 85 F.3d 1409 (9th Cir. 1996); *United States v. Morgan*, 224 F.3d 339 (4th Cir. 2000) (wife challenges forfeiture of joint bank accounts as substitute assets); *United States v. Infelise*, 938 F.Supp. 1352 (N.D. Ill. 1996) (defendant's wife and children contest forfeiture of substitute assets in ancillary proceeding).

Once the government moves for an order forfeiting substitute assets, the court may enter an order restraining such assets pending its action on the motion or pending the resolution of any third party claims. *See United States v. Numisgroup Intl. Corp.*, 169 F.Supp.2d 133 (E.D.N.Y. 2001) (substitute assets may be restrained post-conviction).

Accordingly, the United States requests, pursuant to Title 21, United States Code, Section

853(g), that it be empowered to seize the substitute property and to take any other steps deemed warranted to preserve its availability for forfeiture pending the completion of the Section 853(n) ancillary proceedings. After the defendants' interests in the substitute property is ordered forfeited, the United States will seize the property (if not already in custody) and initiate proceedings necessary to protect any third party interests in the substitute property, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(n).

    Wherefore, the United States requests that its motion for forfeiture of substitute property be granted and that an order be entered forthwith forfeiting all of defendants Musa Abdallah Jebril and Ahmad Musa Jebril's right, title and interest in the same to the United States and granting such other relief as may be deemed necessary and appropriate.

    Respectfully submitted,

    STEPHEN J. MURPHY
    United States Attorney

    s/CYNTHIA J. OBERG (P36338)
    Assistant United States Attorney

    s/JULIE A. BECK
    Assistant United States Attorney
    211 West Fort Street, Suite 2001
    Detroit, MI 48226
    (313) 226-9717
    Julie.beck@usdoj.gov

Dated: March 16, 2005

## CERTIFICATE OF SERVICE

      I hereby certify that on March 16, 2005, I electronically filed United STATES' MOTION, AND BRIEF IN SUPPORT, TO AMEND PRELIMINARY ORDER OF FORFEITURE TO INCLUDE CERTAIN SUBSTITUTE PROPERTY OF DEFENDANTS MUSA ABDALLAH JEBRIL AND AHMAD MUSA JEBRIL with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

      List all ECF participants for this case: James C. Thomas, jctdetroitlaw@msn.com and btessier3@hotmail.com

      I further certify that I have mailed by U.S. mail the United STATES' MOTION, AND BRIEF IN SUPPORT, TO AMEND PRELIMINARY ORDER OF FORFEITURE TO INCLUDE CERTAIN SUBSTITUTE PROPERTY OF DEFENDANT MUSA ABDALLAH JEBRIL
 to the following non-ECF participants:

      Stephen T. Rabaut, 19900 E. Ten Mile Road, St. Clair Shores, MI 48080.

                                           s/Julie A. Beck, AUSA
                                           211 W. Fort Street, Suite 2001
                                           Detroit, MI 48226
                                           313-226-9717
                                           Julie.Beck@usdoj.gov