# United States District Court
## Eastern District of Michigan

United States of America
V.
AHMAD MUSA JEBRIL

Case Number: 03CR80810-1
USM Number: 31943-039

**AMENDED
JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Date of Original Judgment: 12/12/05
(or date of Last Amended Judgment)

RICHARD LUSTIG
Defendant's Attorney

**Reason for Amendment:**
Preliminary Order of Forfeiture page needs to be attached.

• The defendant was found guilty on count(s): **1ss, 42ss, 2ss-33ss, 34ss-41ss** after a plea of not guilty.

Count(s): **All remaining** are dismissed on the motion of the United States after a plea of not guilty.

| Title & Section | Nature of Offense | Offense Ended | Count |

See page 2 for details.

The defendant is sentenced as provided in pages **2 through 8** of this judgment. This sentence is imposed pursuant of the Sentencing Reform Act of 1984

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/29/06
Date of Imposition of Judgment

Gerald E. Rosen
United States District Judge

MAR 3 1 2006
Date Signed

DEFENDANT: AHMAD MUSA JEBRIL
CASE NUMBER: 03CR80810-1

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 371 | Conspiracy to Defraud | 8/03 | 1ss |
| 18 U.S.C. 922(g) | Felon in Possession of Firearms and Ammuition | 8/03 | 2ss |
| 18 U.S.C. 1341 | Mail Fraud | 8/03 | 3ss-6ss |
| 18 U.S.C. 1343 and 2 | Wire Fraud, Aiding and Abetting | 8/03 | 7ss-10ss |
| 18 U.S.C. 1344 and 2 | Bank Fraud | 8/03 | 11ss |
| 18 U.S.C. 1956 and 2 | Laundering Monetary Instruments, Aiding and Abetting | 8/03 | 12ss-33ss |
| 26 U.S.C. 7203 | Willful Failure to File Income Tax Returns | 8/03 | 34-41ss |
| 42 U.S.C. 408 | Fraudulent Use of a Social Security Number | 8/03 | 42ss |

DEFENDANT: AHMAD MUSA JEBRIL
CASE NUMBER: 03CR80810-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **Counts 1ss & 42ss 60 months on each count to be served concurrently, Counts 2ss-33ss 70 months on each count to be served concurrently, Counts 34ss-41ss 12 months to be served concurrently with the other counts.**

    See next page for recommendations.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:



Defendant delivered on _____ to _____ a
_____ , with a certified copy of this judgment.

                                                       United States Marshal

                                                       Deputy United States Marshal

DEFENDANT: AHMAD MUSA JEBRIL
CASE NUMBER: 03CR80810-1

## ADDITIONAL IMPRISONMENT TERMS

None

## ADDITIONAL RECOMMENDATIONS

That the defendant participate in the Inmate Financial Responsibility Program. The Court is aware of the requirements of the program, approves of the payment schedule of this program, and hereby orders the defendant's compliance. Also, that the defendant be given credit for time served and that he be housed at the Milan Facility.

DEFENDANT: AHMAD MUSA JEBRIL
CASE NUMBER: 03CR80810-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **3 years on Counts 1ss-33ss and 42ss; and 1 years on Counts 34ss-41ss, run concurrently.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

If the defendant is convicted of a felony offense, DNA collection is required by Public Law 108-405.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. Revocation of supervised release is mandatory for possession of a controlled substance.

■ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report ot the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's crminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

14) the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. Revocation of supervised release is mandatory for possession of a firearm.

03] Judgment in a Criminal Case
C - Supervised Release

Judgment-Page 6 of 8

DEFENDANT: AHMAD MUSA JEBRIL
CASE NUMBER: 03CR80810-1

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall make monthly installment payments on any remaining balance of the **restitution** at a rate and schedule recommended by the Probation Department and approved by the Court.

The defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer.

The defendant shall provide the probation officer access to any requested financial information.

DEFENDANT: AHMAD MUSA JEBRIL
CASE NUMBER: 03CR80810-1

# CRIMINAL MONETARY PENALTIES

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS:** | $ 3675.00 | $ 0.00 | $ 250766.51 |

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Michigan Basic Property Insurance Association | 0.00 | 150074.98 | |
| Balboa Insurance Company | 0.00 | 46968.87 | |
| ZC Sterling Insurance Company | 0.00 | 8627.44 | |
| State Farm Insurance Company | 0.00 | 9579.27 | |
| SafeCo Insurance Company | 0.00 | 10967.34 | |
| Foremost Insurance Company | 0.00 | 5305.89 | |
| Comerica Bank | 0.00 | 19242.72 | |
| **TOTALS:** | $ 0.00 | $ 250766.51 | |

Restitution amount ordered pursuant to plea agreement **$250766.51**

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: AHMAD MUSA JEBRIL
CASE NUMBER: 03CR80810-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:
Unless the court has expressly ordered otherwise in the special instructions above, while in custody, the defendant shall participate in the Inmate Financial Responsibility Program. The Court is aware of the requirements of the program and approves of the payment schedule of this program and hereby orders the defendant's compliance. All criminal monetary penalty payments are to be made to the Clerk of the Court, except those payments made through the Bureau of Prison's Inmate Financial Responsibility Program.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| Musa Jebril 03-80810-2 | 0.00 | 250766.51 | |

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
MAR 14 2005
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES OF AMERICA,

Plaintiff,

vs.

D-1 AHMAD MUSA JEBRIL,
D-2 MUSA ABDULLAH JEBRIL,

Defendants.
_____/

Criminal No. 03-80810
Honorable Gerald E. Rosen

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, the Second Superseding Indictment issued August 18, 2004, charged Defendants Ahmad Musa Jebril and Musa Abdallah Jebril with violations of 18 U.S.C. § 371, Conspiracy; 18 U.S.C. § 922(g), Felon in Possession of Firearms and Ammunition; 18 U.S.C. § 1341, Mail Fraud; 18 U.S.C. §§ 1343, 2, Wire Fraud, Aiding and Abetting; 18 U.S.C. §§ 1344, 2, Bank Fraud, Aiding and Abetting; 18 U.S.C. §§ 1956, 2, Laundering Monetary Instruments, Aiding and Abetting; 26 U.S.C. § 7203, Willful Failure To File Income Tax Returns; and Defendant Ahmad Musa Jebril with a violation of 42 U.S.C. § 408, Fraudulent Use of a Social Security Number;

WHEREAS, the Second Superseding Indictment contained Forfeiture Allegations seeking forfeiture of property constituting or derived from proceeds directly or indirectly, as the result of those violations, pursuant to 18 U.S.C. § 982(a)(2)(A), including but not limited to:

a) Approximately $200,000 in United States currency and all traceable interest and proceeds;

1

b) An apartment building located at **1057 Victoria, Lincoln Park**, Wayne County, Michigan, more fully described as: Lots 192 through 196 and north 20 feet of lot 197, including ½ of the adjacent vacated alley at the rear thereof, and also including ½ vacated Marshall Avenue, lying north of lot 192; also lots 249 through 258, and ½ of the vacated alley at the rear thereof; and also including ½ of vacated Marshall Avenue, lying north of and adjacent to lot 258, Gleason Park Subdivision, as recorded in Liber 33, page 90, of Plats, Wayne County Records;

c) A single family dwelling located at **6250 Faust**, Detroit, Wayne County, Michigan, more fully described as: Lot 60 and ½ vacated alley, Rycraft Park Subdivision, as recorded in Liber 42, page 25 of Plats, Wayne County Records;

d) A single family dwelling located at **6530 Artesian**, Detroit, Wayne County, Michigan, and further described as: Lot 35, including the adjoining vacated alley platted within West Warren Lawns Subdivision, as recorded in Liber 40, page 88 of Plats, Wayne County Records;

e) A single family dwelling located at **6809 Plainview**, Detroit, Wayne County, Michigan, and further described as: Lot 99, Frischkorns Estate Subdivision, as recorded in Liber 42, page 93 of Plats, Wayne County Records;

f) A single family dwelling located at **4702 Palmer**, Dearborn, Wayne County, Michigan, and further described as: Lot 289, Schaefer Heights Subdivision, as recorded in Liber 32, page 82 of Plats, Wayne County Records;

g) A single family dwelling located at **4637 Palmer**, Dearborn, Wayne County, Michigan, and further described as: Lots 44 and 45, and ½ the adjacent vacated alley, of Cloverdale Park Subdivision, as recorded in Liber 34, page 87 of Plats, Wayne County Records;

h) A single family dwelling located at **4957 Rosalie**, Dearborn, Wayne County, Michigan and further described as: Lot 301, Cloverdale Park Subdivision, as recorded in Liber 34, page 87 of Plats, Wayne County Records;

i) A single family dwelling located at **4909 Rosalie**, Dearborn, Wayne County, Michigan, and further described as: Lot 308, Cloverdale Park Subdivision, as recorded in Liber 34, page 87 of Plats, Wayne County Records;

j) A single family dwelling located at **5815 Warwick**, Detroit, Wayne County, Michigan, and further described as: Lot 36 of Florian Taubitz Subdivision, as recorded in Liber 67, page 69 Plats, Wayne County Records;

2

k) A four-unit dwelling located at **12000 Sanford**, Detroit, Wayne County, Michigan, and further described as: Lot 1 of Richard Campau Subdivision, as recorded in Liber 51, page 65 of Plats, Wayne County Records;

l) A single family dwelling located at **4357 St. James**, Detroit, Wayne County, Michigan, and further described as: Lot 141, Nall's Subdivision, according to the plat thereof as recorded in Liber 14, page 75 of Plats, Wayne County Records; and

m) A single family dwelling located at **5745 Greenview**, Detroit, Wayne County, Michigan, and further described as: The north 36.5 feet of lot 65, Assessor's Plat of Taubitz Farm Subdivision, as recorded in Liber 67, page 90 of Plats, Wayne County Records.   b) An apartment building located at 1057 Victoria, Lincoln Park, Wayne County, Michigan;

WHEREAS, the Second Superseding Indictment also provided for the forfeiture of substitute assets pursuant to 21 U.S.C. § 853(p);

WHEREAS, on November 24, 2004, following a trial, a jury rendered a verdict finding both defendants guilty on all counts contained in the Second Superseding Indictment;

WHEREAS, "Abdullatie Alhussein" was established as an alias of Defendant Musa Abdullah Jebril;

WHEREAS, evidence was introduced that "Sobhie Said Salem," the individual to whom the majority of the properties were transferred, is a non-existent nominee owner to whom properties were transferred in furtherance of the conspiracy;

WHEREAS, on November 24, 2004, a jury issued a Special Verdict ordering forfeiture in accordance with the forfeiture allegation contained in the Second Superseding Indictment;

**NOW THEREFORE**, defendants Ahmad Musa Jebril and Musa Abdallah Jebril shall forfeit to the United States:

1. All property involved in or traceable to offenses involving 18 U.S.C. § 1956; and

3

2. all property constituting, or derived from, proceeds the defendants obtained directly or indirectly, as the result of such violations.

3. The jury has determined that the government established the requisite nexus between the property and the offenses committed by defendants, and therefore, the following property is subject to forfeiture:

(a) Any and all interest of defendants Ahmad Musa Jebril and Musa Abdallah Jebril in approximately $200,000 in United States currency and all traceable interest and proceeds;

b) A single family dwelling located at 6250 Faust, Detroit, Wayne County, Michigan, more fully described as: Lot 60 and ½ vacated alley, Rycraft Park Subdivision, as recorded in Liber 42, page 25 of Plats, Wayne County Records;

c) A single family dwelling located at 6530 Artesian, Detroit, Wayne County, Michigan, and further described as: Lot 35, including the adjoining vacated alley platted within West Warren Lawns Subdivision, as recorded in Liber 40, page 88 of Plats, Wayne County Records;

d) A single family dwelling located at 6809 Plainview, Detroit, Wayne County, Michigan, and further described as: Lot 99, Frischkorns Estate Subdivision, as recorded in Liber 42, page 93 of Plats, Wayne County Records;

e) A single family dwelling located at 4702 Palmer, Dearborn, Wayne County, Michigan, and further described as: Lot 289, Schaefer Heights Subdivision, as recorded in Liber 32, page 82 of Plats, Wayne County Records;

f) A single family dwelling located at 4637 Palmer, Dearborn, Wayne County, Michigan, and further described as: Lots 44 and 45, and ½ the adjacent vacated alley, of Cloverdale Park Subdivision, as recorded in Liber 34, page 87 of Plats, Wayne County Records;

g) A single family dwelling located at 4957 Rosalie, Dearborn, Wayne County, Michigan and further described as: Lot 301, Cloverdale Park Subdivision, as recorded in Liber 34, page 87 of Plats, Wayne County Records;

h) A single family dwelling located at 4909 Rosalie, Dearborn, Wayne County, Michigan, and further described as: Lot 308, Cloverdale Park Subdivision, as recorded in Liber 34, page 87 of Plats, Wayne County Records;

4

i) A four-unit dwelling located at **12000 Sanford**, Detroit, Wayne County, Michigan, and further described as: Lot 1 of Richard Campau Subdivision, as recorded in Liber 51, page 65 of Plats, Wayne County Records;

j) A single family dwelling located at **5745 Greenview**, Detroit, Wayne County, Michigan, and further described as: The north 36.5 feet of lot 65, Assessor's Plat of Taubitz Farm Subdivision, as recorded in Liber 67, page 90 of Plats, Wayne County Records.

Accordingly, the money judgment and these properties are hereby **FORFEITED** to the United States of America for disposition in accordance with the law, and any right, title or interest of Defendants Ahmad Musa Jebril and Musa Abdallah Jebril **ARE HEREBY AND FOREVER EXTINGUISHED.**

4. Upon entry of this Order, the United States or a designee is authorized to seize the assets described above in paragraph 3 ("Subject Property"), pursuant to Federal Rule of Criminal Procedure 32.2(b)(2) and (3), to conduct any discovery that the Court considers proper to help identify, locate, or dispose of any assets seized, and United States is authorized to begin proceedings consistent with applicable statutory requirements pertaining to ancillary hearings and the rights of any third parties.

5. The United States shall publish at least once for three successive weeks in a newspaper of general circulation, notice of this preliminary forfeiture order and of its intent to dispose of the above named property in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n). Said notice shall direct that any person other than the Defendant asserting a legal interest in the property may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity

of the petitioner's alleged interest in the property. The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the property.

6. Following the Court's disposition of all petitions filed, if any, upon proof of publication and notice to any persons known to have alleged an interest in the currency and upon entry of a Final Order of Forfeiture, the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee.

7. Pursuant to Fed.R.Crim.P. 32.3(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed.R.Crim.P. 32.2(c)(2).

8. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

9. After the disposition of any motion filed under Fed.R.Crim.P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil

6

Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided for the filing of third party petitions.

11. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

12. The Clerk of the Court shall forward four certified copies of this order to Assistant U.S. Attorney Julie A. Beck, U.S. Attorney's Office, 211 West Fort Street, Suite 2001, Detroit, MI. 48226.

SO ORDERED.

HONORABLE GERALD E. ROSEN
United States District Judge

Dated: MAR 14 2005